## JOHN ELLIS v. STATE.

No. A-3765.    Opinion Filed Jan. 19, 1922.
Rehearing Denied Sept. 23, 1922.
(208 Pac. 1051.)

(Syllabus.)

1.    **Evidence—Evidence as to Assault Connected with the One Charged.** Where one is charged with a particular felonious assault and it appears that several assaults were then made, covering a short period of time and were so connected as to amount to one inseparable transaction, testimony concerning all the assaults so connected is admissible to prove the assault charged.

2.    **Appeal and Error—Instruction Favorable to Defendant.** Instructions relating to self-defense and justification examined and found sufficient.

Appeal from District Court, Carter County; Thos. W. Champion, Judge.

John Ellis was convicted of assault with deadly weapon, and he appeals. Affirmed.

Rutherford Brett and James H. Mathers, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J. John Ellis, plaintiff in error, in this opinion referred to, as the defendant, was by information filed in the district court of Carter county, September 21, 1919, charged with having assaulted his wife with a dangerous weapon July 21, 1919. At the trial, October 21, 1919, a verdict was rendered finding the defendant guilty as charged and assessing his punishment at confinement in the county jail for a period of 12 months. From the judgment on the verdict defendant appeals.

Of the several assignments of error but three are seriously urged in defendant's brief, viz.:

(1) That the evidence is insufficient to support the verdict.

(2) The reception of incompetent and prejudicial testimony.

(3) That the court erred in stating the law of the case, as appears in instructions numbered 10 and 11, as given by the court.

It would serve no good purpose to recite the facts in detail. The testimony on the part of the defendant, as well as that on the part of the state, shows that he struck his wife one or more times with a pistol or revolver. There was no sufficient justification shown for the assault, if indeed such an assault made upon a woman who did not invite the difficulty could, under any circumstances, be deemed justifiable. The defendant and his wife had separated on account of his previous cruel treatment of her, as she claims, and an action for divorce was then pending. At this time she was staying with a neighbor on an adjoining farm. As she and the neighbor's wife were passing the premises of the defend-

ant, he went to where she was and struck her with a gun and dragged her through the fence and compelled her to go to the house, where he continued to abuse her by striking her repeatedly with a whip. A physician and others testified that after the difficulty her head, hair, and clothing were bloody, her face, neck, and shoulders were bruised, and other marks of violence were found on her body. The evidence, without a doubt, amply supports the verdict.

After the assault with the gun and after the wife was by force compelled to go to the house, the defendant continued to beat her with a buggy whip. Defendant claims that the beating with the whip was a separate and different assault, and that the testimony concerning the beating with the whip was incompetent and prejudicial. We think not. To our mind this was one inseparable transaction, and the evidence of the whole transaction was permissible as a part of the res gestae, and the testimony of the whipping was properly admitted to show motive and to show the state of mind of the defendant at the time, and for the purpose of enabling the jury to determine the facts in aggravation or mitigation of the punishment. Price v. State, 1 Okla. Cr. 369, 98 Pac. 447; Moran v. Ter., 14 Okla. 544, 78 Pac. 113.

Moreover, the defendant's own testimony went largely into the circumstances of the whipping, and he has no cause to complain of its possible effect on the jury. The defendant cannot complain of facts brought out by him for the purpose of justification where the facts elicited, contrary to his wishes, turn out to be to his disadvantage.

The instructions complained of have been examined and are held, under all the evidence, to fairly state the law applicable to the case. The evidence discloses that the wife also had a pistol, but did no overt act indicating an apparent effort to use it. Instruction No. 10 in effect told the jury that

if the evidence showed that she attempted to attack the defendant in such a way as to reasonably cause him to believe that he was in danger and that for this reason only defendant struck in his own necessary self-defense, then the assault would be justified. This instruction was scarcely justified by the evidence, but in any event the instruction was most favorable to the defendant, for the giving of which he has no cause of complaint. Instruction No. 11 related to the striking after the danger or apparent danger ceased, and that if the defendant continued the assault with the dangerous weapon then he would be guilty. Under the defendant's theory of the case, this instruction was proper.

The judgment of the trial court is therefore affirmed.

DOYLE, P. J., concurs.

MATSON, J., not participating.